UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY RINARD, | ) | 1:06-CV-00509 AWI LJO HC |
|     Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. | ) ) ) | |
| JEFFREY WRIGLEY, Warden, | ) ) | |
|     Respondent. | ) ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional Institution pursuant to a judgment of the United States District Court for the District of Texas entered on March 19, 1991, following his conviction by guilty plea of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D). Petitioner was sentenced to a total determinate prison term of 262 months.

---

[1] This information was derived from the petition for writ of habeas corpus.

Petitioner appealed the conviction. On March 5, 1992, the Fifth Circuit Court of Appeals affirmed the conviction in a published opinion. U.S. v. Rinard, 956 F.2d 85 (5th Cir. 1992).

In October, 2000, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. In March, 2003, the sentencing court denied the motion. Petitioner petitioned for a writ of certiorari to the United States Supreme Court; however, the petition was denied.

In December, 2003, Petitioner filed a subsequent motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. In January, 2004, the court denied the motion.

On November 3, 2004, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims he was unlawfully sentenced when the sentencing court determined that Petitioner's offense involved a certain drug quantity and the sentencing court based its determination on information no charged in the indictment or in the information.

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,

177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.   Petitioner concedes this fact.  Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255 petition to avoid 28 U.S.C.§ 2244(b)'s constraints on second petitions.[2]  However, a petition contending Petitioner's conviction is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective.  Petitioner contends that he has not challenged his sentence for the reasons he raises in the instant petition because case law began to reinterpret the drug offenses and guideline section for which he is now in custody after he had been sentenced. These developments culminated  in the

---

[2] Petitioner states that he has already filed a motion to vacate and set aside the conviction pursuant to section 2255.

1  Supreme Court decisions in <u>Jones v. United States</u>, 526 U.S. 227, 243, n.6 (1999), and <u>Apprendi v.
2  New Jersey</u>, 506 U.S. 466 (2000). The <u>Jones</u>-<u>Apprendi</u> decisions hold that "any fact [other than a the
3  fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory
4  maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u>, 506 U.S.
5  at 488-490. Petitioner claims that § 2255 review is "inadequate or ineffective" within the meaning
6  of the "savings clause" of § 2255 because he has already filed one motion pursuant to § 2255 which
7  was denied.

8   The Ninth Circuit has provided little guidance on what constitutes "inadequate and
9  ineffective" in relation to the savings clause.  The Ninth Circuit has acknowledged that "[o]ther
10 circuits have held that . . . a federal prisoner who is actually innocent of the crime of conviction, but
11 who has never had an unobstructed procedural shot at presenting a claim of innocence, may resort to
12 § 2241 if the possibility of relief under § 2255 is foreclosed." <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954
13 (9th Cir.2000) (internal citations omitted).  Nevertheless, the Ninth Circuit in <u>Lorentsen</u> specifically
14 declined to decide whether to adopt the holdings of any other circuits.  <u>Id</u>.  Notably, however, the
15 Ninth Circuit did find that the Petitioner in <u>Lorentsen</u> could not invoke the "escape hatch in § 2255"
16 because the Petitioner was not "actually innocent" of the underlying conviction.  <u>Id</u>.

17  Petitioner has not demonstrated the remedy to be inadequate or ineffective. Petitioner states
18 he has already filed one motion pursuant to § 2255, but he concedes he has not sought authorization
19 to file a successive § 2255 motion. Therefore, relief under § 2255 is not foreclosed, because the Fifth
20 Circuit may grant a request to file a successive motion. In addition, in <u>Moore v. Reno</u>, the Ninth
21 Circuit stated, "the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does
22 not render federal habeas relief an ineffective or inadequate remedy." 185 F.3d 1054, 1055 (9th
23 Cir.1999). Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at
24 presenting his <u>Apprendi</u> challenge to the Ninth Circuit.

25  Even assuming that Petitioner can satisfy the savings clause, his claims are meritless because
26 <u>Jones</u>, <u>Apprendi</u>, and their progeny are not applied retroactively on collateral review. <u>See</u> <u>United
27 States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir.), <u>cert. denied</u>, 537 U.S. 939 (2002); <u>Cook v.
28 United States</u>, 386 F.3d 949 (9th Cir. 2004); <u>In re Anderson</u>, 396 F.3d 1336 (11th Cir. 2005).

Therefore, the petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 16, 2006**               **/s/ Lawrence J. O'Neill**
b9ed48                                     UNITED STATES MAGISTRATE JUDGE